IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DONNA SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | NO. 3:22-cv-00924 |
| v. | ) ) | |
| | ) | CHIEF JUDGE CAMPBELL |
| SAM'S EAST, INC., | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff Donna Smith fell in the Sam's Club in Hendersonville, Tennessee, while attempting to place a rotisserie chicken in her shopping cart. She claims Defendant Sam's East, Inc., is liable for her injuries. Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 23) and Plaintiff's response (Doc. No. 28), and Defendant's reply (Doc. No. 31). The parties each filed and responded to statements of undisputed material facts (Doc. Nos. 25, 29, 30, 32).[1] Defendant also filed a notice of supplemental authority. (Doc. No. 35).

For the reasons stated herein, Defendant's Motion for Summary Judgment will be **DENIED**.

### I. BACKGROUND

Donna Smith has been a member of Sam's Club for more than thirty years. (Def. SOF ¶¶ 14, 15). She shops there about two or three times a month. (*Id.*). On October 18, 2021, she went to the Sam's Club in Hendersonville, Tennessee. As she had done on prior occasions, she picked up

---

[1] For ease of reference, Defendant's Statement of Material Undisputed Facts (Doc. No. 25) and Plaintiff's response (Doc. No. 29) will be cited as "Def. SOF," and Plaintiff's Additional Facts (Doc. No. 30) and Defendant's response (Doc. No. 32) will be cited as "Pl. SOF."

a rotisserie chicken from the self-serve display case. (*Id*. ¶¶ 19). The available rotisserie chickens were on the top of the display case. (*Id*. ¶ 21). To get close enough to the display case to reach the chicken, Plaintiff, who is 5'2", did as she had done before and placed her foot under the protective metal bumper in front of the display case. (*Id*. ¶¶ 22-23, 28-30). When she turned to place the rotisserie chicken in the shopping cart, her foot became caught under the bumper causing her to fall and break her arm. (*Id*. ¶ 34).

All fresh food display cases in the Hendersonville Sam's Club have floor-mounted metal bumpers identical to the one Plaintiff encountered. (*Id*. ¶ 3). In total, the store has approximately forty such bumpers. (*Id*. ¶ 2). The purpose of these bumpers is to protect the display cases from shopping carts and to protect customers from the display cases, which may be hot. (*Id*. ¶ 9). The bumpers are mounted on the floor eight inches in front of the display case. (Pl. SOF ¶ 8). The bumpers do not extend all the way to the floor; there is a space of four and a half inches between the floor and the bottom of the bumper. (*Id*. ¶¶ 6, 7). It was in this space that Plaintiff inserted her foot to get closer to the display case and in which her foot became caught when she turned to place the rotisserie chicken in the shopping cart.

Plaintiff seeks to hold Defendant liable for her injuries. (*See* Second Amended Complaint, Doc. No. 6-3). Defendant moves for summary judgment. (Doc. No. 23).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The

2

moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's claims. *Id.*

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence from which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### III. ANALYSIS

To establish a claim for premises liability based on negligence, Plaintiff must prove the following traditional elements of negligence: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998). Defendant challenges only the first element – duty of care. Defendant also argues it is entitled to summary judgment on its affirmative defense of comparative fault.

A. **Duty of Care**

A premises owner has a duty to exercise reasonable care with regard to invitees on the premises. *Piana v. Old Town of Jackson*, 316 S.W.3d 622, 629–30 (Tenn. Ct. App. 2009). "This general duty of due care imposes upon a property owner the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)). To hold a premises owner liable for an injury, there must be some evidence of a dangerous condition. *Nee v. Big Creek Partners*, 106 S.W.3d 650, 653 (Tenn. Ct. App. 2002). "If no dangerous or defective condition exists, an owner [] cannot be held liable for failing to take action in order to remedy the supposed condition." *Id.* at 654.

"The key to premises liability is foreseeability." *Estate of Smith v. Highland Cove Apts., LLC*, 670 S.W.3d 305, 315 (Tenn. Ct. App. 2023) (quoting *Rogers ex rel. Wright v. Autozone Stores, Inc.*, No. M2011-02606-COA-R3-CV, 2012 WL 3594342, at *6 (Tenn. Ct. App. Aug. 21, 2012). "Thus, for a plaintiff to prevail on a premises liability claim, [she] must prove that [her] injury 'was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury.'" *Id.*

In considering whether the premises owner owed a duty to the invitee, "the court must balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998) (citing *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 902 (Tenn. 1996)). "A 'risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant

4

to engage in alternative conduct that would have prevented the harm.'" *Id*. (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)).

Whether a premises owner owed a plaintiff a duty of care is a question of law to be decided by the court. *See West v. E. Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). But the underlying determinations of whether a dangerous condition existed and whether it was foreseeable that plaintiff would be injured are questions of fact. *See Helton*, 922 S.W.2d at 882 (determination of dangerous condition is a question of fact);[2] *Estate of Smith v. Highland Cove Apts., LLC*, 670 S.W.3d 305, 315 (Tenn. Ct. App. 2023) (foreseeability is a question for the jury to decide). Accordingly, on summary judgment, Defendant may prevail only if no reasonable juror could conclude the floor-mounted bumper presented a dangerous condition and that Plaintiff's injury was foreseeable.[3]

Defendant argues there is no proof that the floor-mounted bumper is a dangerous condition – *i.e.*, that it would probably cause an injury or harm to a person on the premises or that a reasonably prudent premises owner would not maintain the premises in such a state. (Doc. No. 24-

---

[2] *Helton v. Knox Cty,* 922 S.W.2d 877, 883 (Tenn.1996), concerns liability of government entities under the Government Tort Liability Act, specifically Tenn. Code Ann. § 29-20-203. However, even outside the context of government liability, Tennessee courts rely upon *Helton* for the rule that the existence of a dangerous condition is a question of fact. *See e.g.*, *Christian v. Ebenezer Homes of Tennessee*, No. M2012-01986-COA-R3-CV, 2013 WL 3808210 at *3 (Tenn. Ct. App. Jul. 13, 2013); *Elliott v. Apple Invs. Grp. LLC*, No. W2017-02385-COA-R3-CV, 2018 WL 3860732, at *4 (Tenn. Ct. App. Aug. 14, 2018); *Mooney v. Genuine Parts Co.*, No. W2015-02080-COA-R3-CV, 2016 WL 2859149 at * 3 (Tenn. Ct. App. May 11, 2016).

[3] A dangerous condition and foreseeability alone are not sufficient to create a duty. When foreseeability is established, the court must apply a balancing test to determine if the risk is unreasonable. *See Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998) ("the court must balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm"). The Court does not engage in this balancing here, because Defendant's arguments regarding duty of care are limited to whether Plaintiff can establish a dangerous condition and whether the harm to Plaintiff was reasonably foreseeable. (*See* Doc. Nos. 24, 31).

5

at 7). "The simple fact that Plaintiff was able to intentionally place her foot under the floor-mounted bumper is not proof that the floor-mounted bumper was unreasonably dangerous or unsafe." (*Id*. at 7-8).

With regard to foreseeability of Plaintiff's injury, Defendant argues that the floor-mounted bumpers were an "open and obvious condition," and if Plaintiff had "exercised reasonable perception, intelligence and judgment" she could have avoided getting her foot caught. (*Id*. at 12). Defendant points to the undisputed fact that the floor-mounted bumper was readily visible to shoppers, including Plaintiff, who testified that she specifically recalls seeing the bumper on the day of her fall. (*Id*. at 10 (citing Def. SOF ¶¶ 25-27)). Defendant states that this is the first time an injury claim has been made against Defendant involving the floor-mounted bumpers. (Def. SOF. ¶ 12). In sum, Defendant contends "it is simply not foreseeable … that a Sam's Club member would attempt to get so close to the display case so as to intentionally place their foot fully beneath the floor-mounted bumper without realizing the potential for their foot to get caught underneath if they did not remove it before stepping away." (*Id*.).

Plaintiff argues there is evidence from which a jury could conclude that the floor-mounted bumper is a dangerous condition and that her injuries were foreseeable. Plaintiff points to the design of the floor-mounted bumper that allows room for a foot to be placed beneath it. (Doc. No. 28 at 3). Though the bumper itself is visible, she argues it is not readily apparent that a foot might become caught in the open space. (*Id*. ("the bumper presents an unexpected foot impediment")). Moreover, the placement of the bumper in front of the rotisserie chicken display case at a distance that would require anyone with a reach less than 15-inches to place their foot under the bumper to reach the chickens makes it foreseeable that customers, such as Plaintiff, would likely place a foot under the floor-mounted bumper to reach the chickens. (*Id*. at 7). Plaintiff argues the burden on

6

Defendant to remove the hazard was minimal: "Defendant could have properly designed, constructed, and/or maintained the bumper; hired an associate to distribute the chickens; or placed an indicator or warning to customers not to place their feet underneath the bumpers." (Doc. No. 28 at 9).

Finally, Plaintiff submits an Incident Assessment prepared by David Johnson, senior forensic engineer at Johnson Health and Safety, LLC. (Doc. No. 28-1). In the Assessment, Johnson states that "Ms. Smith saw the cart bumper guard but did not perceive that her foot could be caught and impeded by it as she turned away from the chicken rotisserie display counter and attempted to walk." Johnson explains that obstructions below knee level present an "increased risk of mishap, both because of the expectancy and perceptual (low profile obstructions are more difficult to perceive) factors." (Incident Assessment, Doc. No. 28-1 at 5). He concludes that "the chicken rotisserie display counter bumper guard was hazardous and unsafe due to its allowance for a foot to be placed fully beneath it; and, then realize its potential to be an unexpected foot deterrent or obstruction while a customer pivots or turns and raises his/her foot to ambulate away from the counter." (*Id*. at 7).

Defendant argues that the Court should disregard David Johnson's observations and opinions because the question of whether Defendant owed Plaintiff a duty is a question of law to be decided by the Court and because the opinion would not help the trier of fact understand the evidence or determine a fact issue. The Court disagrees on both fronts. While the question of legal duty is a question of law for the Court, *see Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993), in a premises liability case such as this one, the determination of legal duty rests in part on the existence of a dangerous condition and foreseeability, which are questions of fact. *See Helton*, 922 S.W.2d at 882 (the existence of a dangerous condition is a question of fact); *Estate of Smith*, 670

S.W.3d at 315 (when reasonable minds could differ as to the foreseeability of whether someone might be injured, the question of foreseeability is for the jury to decide).

The Court finds Mr. Johnson's testimony is relevant to the determination of whether the floor-mounted bumper was, in fact, a dangerous condition and whether it was foreseeable that a customer would fail to anticipate the risk of harm posed by the bumper, particularly concerning Defendant's contention that the floor-mounted bumper "was an open and obvious condition that could have been avoided had the Plaintiff exercised reasonable perception, intelligence, and judgment." (Doc. No. 24 at 12). But the question is not merely whether Plaintiff was aware of the floor-mounted bumper – it is undisputed that she was aware of the bumper's physical presence. The questions are "[w]hether the *danger* was known and appreciated by the plaintiff, whether the *risk* was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for the defendant to foresee the harm." *Coln*, 966 S.W.2d at 43 (emphasis added) (citing Restatement (Second) of Torts § 343A).

The cases cited by Defendants concerning obvious tripping hazards are inapposite.[4] *See Green v. Roberts*, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012) (plaintiff tripped over ¾" steel post protruding from the surface of a parking lot); *Young v. First Bank of Tennessee*, 2011 WL 332700 (Tenn. Ct. App. Jan 28, 2011) (plaintiff tripped over curb in parking lot); *Stewart v. Seton Corp.*, 2008 WL 42458 (Tenn. Ct. App. Nov. 7, 2007) (plaintiff fell stepping off a curb); *Foster v. Wal-Mart Stores East, LP*, 2012 WL 3027843 (M.D. Tenn. Jul. 23, 2012) (plaintiff tripped over a wooden pallet in defendant's store). Had Plaintiff tripped *over* the floor-mounted bumper, perhaps

---

[4] Although Plaintiff refers to the floor-mounted bumper as a "tripping hazard" on several occasions, she emphasizes that the risk of harm realized here was not from tripping *over* the bumper, but from having her foot caught *underneath* the bumper.

these cases would inform the court's analysis, but they have little applicability to the circumstances here where Plaintiff's foot became caught underneath the floor-mounted bumper.

Finally, in a notice of supplemental authority, Defendant identifies two out-of-state cases involving a customer whose foot became caught in a protective floor bumper similar to the one in this case. (Doc. No. 35 (citing *Heinz v. United States*, No. 8:08cv369, 2010 WL 2301579 (D. Neb. 2010); and *Watters v. Wal-Mart La., LLC*, No. 16-0577, No. 16-0577, 2018 WL 473323 (W.D. La. Jan. 18, 2018)). Neither case is persuasive.

In *Heinz*, the plaintiff argued that the defendant violated its duty of reasonable care because the protective bumper did not comply with the International Building Code. *Heinz*, 2010 WL 2301579, at *5. The case was decided by the court after a bench trial in which both parties presented expert testimony concerning such compliance. *Id*. at *1-3. Aside from the fact that the *Heinz* court involved Nebraska law, the court's decision in favor of the defendant after a trial and testimony from multiple experts hardly counsels in favor of finding that no reasonable finder of fact could conclude that the floor-mounted bumpers at issue in this case were unreasonably dangerous.

*Watters* is similarly unpersuasive. In that case, the court determined on summary judgment that the floor-mounted bumper was not unreasonably dangerous under Louisiana law, largely because the guard rails were "open and obvious" and because the plaintiff, who "chose to slide from right to left along the [meat] bunker to reach around the pallet in an effort to reach an item he wanted in the bunker," was not shopping as an ordinary prudent shopper. *Watters*, 2018 WL 473323, at *4-5. *Watters* is distinguishable on both the facts and the law. Unlike in *Watters* where the customer was sliding across the meat bunker with his feet under the floor bumper, here the Plaintiff was standing in front of the self-serve display case and reaching for items in that case.

9

And, while "Louisiana state courts have generally held that a potentially dangerous condition does not present an unreasonable risk of harm where that condition is open and obvious to all," *id*. at *4, Tennessee law is clear that an open and obvious condition does not foreclose a finding of dangerousness or foreseeability. *See Coln*, 966 S.W.2d 34 (Tenn. 1998).

Considering the evidence in the light most favorable to the Plaintiff, Defendant has not established that no reasonable jury could find that the floor-mounted bumper at issue here was a dangerous condition or that the risk of harm was foreseeable.

### B. Comparative Fault

In Tennessee, if the plaintiff's fault is equal to (or greater than) the fault of the defendant, then the plaintiff is barred. Defendant acknowledges that comparative fault is usually a question for the trier of fact, but contends that under the facts of this case "even if a duty is found to have existed in this case, reasonable minds could only conclude that Plaintiff's fault in failing to ask for assistance, intentionally placing her foot fully underneath the floor-mounted bumper, causing her foot to get caught underneath the bumper, and failing to ensure that her foot was out from underneath the bumper before attempting to walk away, was equal to (or greater than) any fault allegedly attributable to Defendant." (Doc. No. 24 at 17).

The Court is not persuaded that reasonable minds could only conclude that Plaintiff's fault is equal to or greater than any fault attributable to Defendant. Accordingly, summary judgment is not appropriate on the issue of comparative fault.

## IV. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment (Doc. No. 23) is **DENIED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

11